[S. F. No. 7769.    Department Two.—January 30, 1918.]

WILLIAM G. HENSHAW, Respondent, v. HOMELAND COMPANY (a Corporation), et al., Appellants.

MORTGAGE OR DEED OF TRUST—JOINT OBLIGATION—RELEASE OF ONE OF TWO JOINT OBLIGORS—EFFECT.—The release of one of the makers of a joint and several promissory note secured by a mortgage, executed by both, on property which they owned as tenants in common, does not operate to discharge from the lien of a mortgage or deed of trust the part of the property owned by the one making the payment.

ID.—SUBROGATION—PART PAYMENT BY ONE OF TWO JOINT DEBTORS.—Part payment, by one of two joint debtors, of an obligation secured by mortgage or deed of trust on property of both, does not entitle the one making such part payment to subrogation *pro tanto* to the rights of the creditor in the security.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Edward C. Harrison, Harding & Monroe, and Grant & Zimdars, for Appellants.

Pillsbury, Madison & Sutro, Alfred Sutro, and A. D. Plaw, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—The mortgage for the foreclosure of which this action was brought was given to plaintiff by defendant Homeland Company to secure the payment of a note for eleven thousand dollars upon which said defendant paid the interest to February 13, 1912, together with $4,392.07 of the principal. Judgment went for plaintiff from which, upon a bill of exceptions, the Homeland Company appeals.

In its answer defendant alleged certain facts as a defense, which facts are also contained in a cross-complaint upon which it sought to recover from plaintiff the amount of principal and interest paid by it upon the note. These facts are as follows: On July 3, 1891, James P. McCarthy and William M. Fitzhugh, as the owners in common of a tract of land, executed a mortgage thereon to plaintiff to secure their joint and several notes to him of even date in the sum of twenty-four thousand dollars payable on or before July 15, 1893. About February 5, 1892, McCarthy and Fitzhugh executed a deed of trust to the California Title Insurance and Trust Company, as trustee, transferring certain lands (other than those so mortgaged to secure the Henshaw notes of twenty-four thousand dollars), together with notes and securities in trust, with power to dispose of the same, and apply the proceeds in payment of certain obligations, among which was the indebtedness evidenced by said notes of twenty-four thousand dollars to Henshaw, and providing that after the full execution of said trust the balance of said proceeds of sale and collections should be paid, fifty per cent to McCarthy, thirty per cent to Fitzhugh, and twenty per cent to other parties named. In April, 1892, Fitzhugh paid Henshaw $8,450 on account of the twenty-four thousand dollar notes so given by him and McCarthy. In December, 1907, Henshaw executed an instrument whereby he transferred and assigned to the Homeland Company all the ''right, title, interest and estate

of any kind and nature, and all right or property of every kind and description belonging to or in anywise owned or claimed by the party of the first part under the aforesaid deed and assignment of trust, and of, in and to the indebtedness and obligation referred to therein, and which is designed to be, and is, in anywise secured by said deed and assignment of trust.'' The document contained further provisions as follows: ''It is also further understood that the party of the first part (Henshaw) has heretofore released William M. Fitzhugh from all personal liability upon the obligation secured by the said assignment of trust, but it is expressly understood that there has been no release, in anywise, of any property covered by said deed or assignment of trust, whether owned by said William M. Fitzhugh or any other person, excepting only that the party of the second part (Homeland Company) shall not have the right to proceed against William M. Fitzhugh, personally, and above and beyond the value of any interest which the said William M. Fitzhugh may have in the property involved in said trust.

''It is further understood that there shall be no recourse against the party of the first part provided that the statements and representations herein made by said party of the first part are true. If the same are untrue, this transaction may be rescinded. The party of the first part represents to the party of the second part, and upon this representation the party of the second part purchases the obligation, that the amount of the said indebtedness due the party of the first part and hereinbefore referred to, together with accrued interest thereon, amounts to the sum of not less than twenty thousand dollars.'' At the time of the transaction it was supposed the notes had been destroyed in the fire of 1906. Thereafter they were found indorsed ''Without recourse on me or William Fitzhugh. Wm. G. Henshaw,'' and delivered to defendant in February, 1912.

This transfer and assignment constitutes the sole consideration for which the note and mortgage here involved were given.

It is conceded, as found by the court, that at the time of the making thereof the indebtedness due Henshaw under the assignment in trust was in excess of twenty thousand dollars. It was further represented that there had been no release of the lien *upon any of the property* described in the deed of

trust so conveyed as security for the payment of the indebtedness, which representation the court found to be true. Appellant insists that this finding is without support in the evidence. This contention is based, first, upon the claim that as a matter of law the payment made by Fitzhugh upon the joint and several notes made by him and McCarthy operated to discharge his part of the property from the lien impressed thereon by the deed of trust.

To our minds the mere statement of the proposition is sufficient answer to it. "A lien is to be deemed accessory to the act for the performance of which it is a security."(Civ. Code, sec. 2909.) The contract of security is distinct and separate from the promise to pay and since one may exist without the other, it follows that the release of one obligation, unless effected by a full performance thereof (Civ. Code, sec. 1473), does not release or affect the other. As to Henshaw each of the parties was liable for the full amount which they jointly and severally promised to pay and all the property was pledged as security for the performance of the promise. In the absence of an agreement to release the property from the lien, full performance of the act for which it was security was necessary to extinguish it. (Civ. Code, sec. 1473; 37 Cyc., p. 379.) Nor, since the security was given for the entire debt is there any ground for the claim that by reason of the partial payment made by Fitzhugh and his release from personal liability on the notes he was to the extent of such payment subrogated to the rights of Henshaw in the security. (*Finnell* v. *Jas. H. Goodman & Co. Bank,* 156 Cal. 18, [103 Pac. 483].)

It is claimed, however, that Henshaw, by a written instrument, delivered to Fitzhugh, not only released him from personal liability on the notes, but also in express language released his property from the existing lien created by the deed of trust. This contention is based on the evidence of Fitzhugh as to the contents of a lost document given him some twenty years before by Henshaw. This testimony was vague, uncertain, and conflicting. He testified: "The notes were supposed at that time to have been indorsed as they are indorsed at present and that was set forth in this little agreement; the gist of the whole agreement was the writing on the notes; that William M. Fitzhugh shall be held harmless and the notes shall be indorsed without personal recourse

against William M. Fitzhugh . . . that is the gist of the whole thing.'' In weighing this evidence the trial court no doubt determined that Fitzhugh's ''understanding'' that his property was released from the lien was based upon the fact that such was the effect of his being released from personal liability. In so doing this court cannot say the trial court erred.

The indebtedness was in excess of twenty thousand dollars, and, as found by the court upon sufficient evidence, none of the property conveyed in trust as security for the payment thereof was released, hence, defendant has no cause for complaint.

The judgment is affirmed.

Melvin, J., and Wilbur, J., concurred.

Hearing in Bank denied.